UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x

MIRIAM SPIRA,

                 Plaintiff,

  -against-

ASHWOOD FINANCIAL, INC.,

                 Defendant.

-------------------------------------------------x

<u>MEMORANDUM AND ORDER</u>
04-CV-4607 (ILG)

GLASSER, United States District Judge:

## **<u>INTRODUCTION</u>**

Plaintiff Miriam Spira ("plaintiff" or "Spira") filed a motion pursuant to Fed. R. Civ. P. 60(b)(6) for reconsideration of the Court's Memorandum and Order dated February 28, 2005, familiarity with which is presumed, granting summary judgment to defendant Ashwood Financial, Inc. ("defendant" or "Ashwood") on plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et</u> <u>seq.</u>  <u>See</u> <u>Spira v. Ashwood Financial, Inc.</u>, 358 F. Supp. 2d 350 (E.D.N.Y. 2005).  In support of her motion for reconsideration, plaintiff makes the following arguments: (1) the Court erred when it failed to grant her further discovery on the meaning of the phrase "[i]t is our intent to pursue collection of this debt through every means available to us" set forth in the Follow-up Letter, Pl. Mem. at 2-3; and (2) the Court misapplied the law when it held that this language was not deceptive or misleading under the FDCPA, <u>id.</u> at 3-4.  In opposition, defendant asserts that Spira has not shown the requisite "extraordinary circumstances" necessary to justify reconsideration under Fed. R. Civ. P. 60(b)(6).  For

1

the reasons set forth below, plaintiff's motion is denied.

## DISCUSSION

**A.      Standard Governing Plaintiff's Motion for Reconsideration**

Plaintiff has filed this motion pursuant to Fed. R. Civ. P. 60(b)(6).  "Rule 60(b) of the Federal Rules of Civil Procedure prescribes procedures by which a party may seek relief from a final judgment."[1]  House v. Sec. of Health and Human Servs., 688 F.2d 7, 9 (2d Cir. 1982).  Subdivision six of that rule states that the Court may grant relief from a final judgment for any "reason justifying relief from the operation of th[at] judgment."  Fed. R. Civ. P. 60(b)(6).  "[R]elief under 60(b)(6) may be granted only when 'exceptional' or 'extraordinary' circumstances exist" or when necessary to cure "an extreme and undue hardship."   House, 688 F.2d at 9 (citations omitted); Pichardo v. Ashcroft, 374 F.3d 46, 56 (2d Cir. 2004) (same) (quotation and citation omitted); see also Rinieri v. News Syndicate Co., 385 F.2d 818, 820 (2d Cir. 1967) ("Rule 60(b)(6) is not a carte blanche to cast adrift from fixed moorings and time limitations guided only by necessarily variant consciences of different judges ... and may be relied upon only in exceptional circumstances").  Such circumstances are infrequent, and therefore "courts usually deny reconsideration where a party had previous opportunities to act upon a

---

[1]Rule 60(b) provides that: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ... or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).

motion or somehow prevent an unfavorable judgment."[2]  Williams v. New York City

Dep't of Corrections, 219 F.R.D. 78, 86 (S.D.N.Y. 2003).  A Rule 60(b)(6) motion is not

to be used as a proxy for an appeal.  Matarese v. LeFevre, 801 F.2d 98, 107 (2d Cir.

1986), cert. denied, 480 U.S. 908 (1987).

The Court must therefore determine whether plaintiff has presented

"extraordinary circumstances" justifying relief from the Memorandum and Order

granting summary judgment to defendant.  As set forth below, the Court finds that she

has not.

**B.      Whether "Exceptional Circumstances" Exist
          Warranting Relief Pursuant to Fed. R. Civ. P. 60(b)(6)**

First, plaintiff asserts that she was prejudiced by the Court's decision granting

defendant's cross-motion for summary judgment without permitting her to take more

discovery, including a deposition of a corporate representative of defendant.  In support

of her argument, plaintiff points to her counsel's Rule 56(f) affidavit in which he

indicated that during discovery, he was unable to obtain evidence to determine whether

the language "every means available" in the Follow-up Letter included defendant's

willingness to commence legal action over plaintiff's $29.08 debt.  (Pl.'s Counsel's Aff. ¶

20, docket entry number ("DE") 21).

Plaintiff's argument is unpersuasive because as indicated in the Court's

Memorandum and Order, Magistrate Judge Mann, who supervised discovery, directed

defendant, on pain of sanctions, to "respond to pending discovery demands that pertain

---

[2]Plaintiff's motion is timely as it was filed within ten days after entry of the judgment from which she requests relief.  Pursuant to Fed. R. Civ. P. 60(b)(6), a motion for reconsideration must be made within "a reasonable time" after entry of judgment.  Fed. R. Civ. P. 60(b).

to issues involved in the parties' dispositive motions." Spira, 358 F. Supp. at 155 (citation and internal quotation omitted). Specifically, the record reveals that two weeks prior to submitting his Rule 56(f) affidavit, dated January 18, 2005, plaintiff's counsel wrote a letter, dated December 30, 2004, to Magistrate Judge Mann, asking her to compel defendant's responses to written discovery "so that plaintiff could more intelligently respond to defendant's motion rather than having to submit a Rule 56 affidavit." DE 11 at p. 2 (emphasis added). The Court granted plaintiff's request in part and held as follows:

> Plaintiff's letter references the parties' cross-motions for summary judgment. Those motions are pending before Judge Glasser and this Court has not seen them. However, assuming the accuracy of plaintiff's summary of the issues implicated in those motions, it is clear that only a handful of plaintiff's discovery demands relate to those issues. Therefore, while plaintiff is correct that dispositive motions do not automatically stay all discovery, this Court, in its discretion, will stay all discovery other than those pertaining to the issues involved in the dispositive motions. Accordingly, defendant shall, on pain of sanctions, provide substantive responses to all such pending discovery demands (i.e., requests for admissions, interrogatories, and document demands) no later than January 7, 2005.

DE 12, Order dated January 3, 2005 at 1 (emphasis added).

By letter dated January 10, 2005, plaintiff's counsel applied to have sanctions imposed on defendant's counsel for his alleged failure to comply with the Court's January 3, 2005 order. DE 13. In denying this request, Magistrate Judge Mann ruled that the Court was satisfied that defendant served its responses to plaintiff's discovery requests in a timely fashion and, "with one exception," such responses were complete. DE 17, Order dated January 11, 2005 at 1-2. With respect to that one deficient response,

defendant was ordered to provide the requested information to plaintiff's counsel no later than January 21, 2005, before the time when the parties' summary judgment motions were due to be filed.  <u>Id.</u> at 2.  Plaintiff's counsel has never alleged that he did not receive the discovery response on January 21, 2005, and there is no docket entry to that effect.

It is therefore clear that plaintiff's counsel's own statements reveal that he received all of the discovery which he believed he needed in order to respond to defendant's cross-motion for summary judgment.  Plaintiff's submission of a Rule 56(f) affidavit to oppose defendant's cross-motion for summary judgment was therefore a transparent effort to create a material issue of fact on his client's need for further discovery through assertions which contradict statements he made to the Court just two weeks earlier.  That kind of contradiction is not tolerated by a party in the summary judgment context, and will not be tolerated by a party's counsel.  <u>Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.</u>, 925 F.2d 566, 572-73 (2d Cir. 1991) ("The rule is well-settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony"); <u>Rule v. Brine, Inc.</u>, 85 F.3d 1002, 1011 (2d Cir. 1996) (same).

In this respect, the Court notes that plaintiff's counsel did not appeal the Court's ruling on his application to compel discovery from defendant.  Plaintiff's counsel thus failed to satisfy the third element required under Fed. R. Civ. P. 56(f) to resist summary judgment, namely, proffering evidence that the plaintiff undertook efforts to obtain facts that are reasonably expected to create a genuine issue of material fact.  <u>Spira</u>, 358 F. Supp. 2d at 156 (citation omitted).  In other words, plaintiff did not seek to obtain

evidence during discovery that she claims she needed in order to oppose defendant's cross-motion for summary judgment. Moreover, the "fact that [p]laintiff filed a cross-motion for partial summary judgment on the very same claims for which she argues she needs further discovery demonstrate[d] the utter weakness of her Rule 56(f) application." Id. at 156 & n.4.

This prong of plaintiff's motion is therefore denied because she has failed to meet the threshold requirements for a motion for reconsideration.

Second, plaintiff argues that the Court misapplied the law when it held, relying on discovery responses provided by defendant, that the phrase in the Follow-up Letter "'[i]t is our intent to pursue collection of this debt through every means available' was [not] a threat that could not be made or was not intended to be carried out. Spira, 358 F. Supp. 2d at 160. In support of her argument, Plaintiff cites to an unpublished opinion from this district, Failla v. Cohen, 03 CV 1262 (CBA) (E.D.N.Y. Mar. 3, 2005), which in turn cites Sluys v. Hand, 831 F. Supp. 321, 327 (S.D.N.Y. 1993). Initially, the Court notes that the Second Circuit has held that "Rule 60(b)(1) and 60(b)(6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." United States v. Cirami, 535 F.2d 736, 740 (2d Cir. 1976) (citation and internal quotation omitted). Since plaintiff seeks relief on the basis of an alleged mistake of law, which is a ground for relief under Rule 60(b)(1), Rule 60(b)(6), the statute pursuant to which she seeks relief, is inapplicable. Nonetheless, in its discretion, the Court analyzes plaintiff's argument under the correct statutory section.

"Relief under 60(b)(1) is ... appropriate where a court may have overlooked certain parties' arguments or evidence in the record." Badian v. Brandaid

Communications Corp., 2005 WL 1083807, at *2 (S.D.N.Y. May 9, 2005) (citation omitted).  Here, plaintiff is advancing the same arguments she advanced at the summary judgment stage with the exception that she cites two cases she did not cite in her briefs filed in support of her summary judgment motion and defendant's cross-motion for summary judgment.  On this basis alone, plaintiff's motion pursuant to Rule 60(b) lacks merit.

Substantively, plaintiff cites Failla and Sluys for the proposition that in order to make out a claim under 15 U.S.C. § 1692e(5),[3] plaintiff must establish that the possibility of a lawsuit could be "ruled out" based on the language in the Follow-up Letter that Ashwood would use "every means available" to collect the debt.  Sluys, 831 F. Supp. at 327; Failla, at pp. 3-4.  As a threshold matter, both of these cases are inapposite because they were decided on the debt collector's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and not on summary judgment, the procedural posture of this case.  See Sluys, 831 F. Supp. at 322-23; Failla, at pp. 1.

Moreover, the facts as alleged in the complaints in these cases are also inapposite to those produced during discovery here.  In Failla, the complaint alleged that the letter in question stated that the debt collector "may proceed with suit against [the debtor] without waiting thirty days if so requested by our client," and that this language constituted an unlawful threat "because the defendants 'have no intention of ever filing as the sum of the debt is nominal.'" Failla, at pp 3 (citation omitted).  In contrast, the complaint in this case simply quotes the language from the Follow-up Letter which

---

[3]15 U.S.C. § 1692e(5) makes it unlawful to threaten "action that cannot legally be taken or that is not intended to be taken."

plaintiff challenges, but she does not allege that Ashwood was either not prepared to file suit or that it did not have the authority to do so.  Moreover, as noted above, discovery revealed that Ashwood was considering use of litigation to collect the debt.  <u>Spira</u>, 358 F. Supp. 2d at 160.

In <u>Sluys</u>, the attorney-debt collector sent a letter to both the plaintiff and his employer, stating that "I will expect to receive a check from you ... within the next seventy-two hours so that legal action does not have to be instituted against you.  Please be advised that if this matter is brought to Court there will be additional costs and legal fees."  831 F. Supp. at 324.  The Court held that in order to establish a violation of the FDCPA, the plaintiff must "show that a lawsuit – a routine debt collection device where negotiations fail – could be ruled out.  This might be concluded if, for example, a creditor had a fixed practice of not bringing suits against customers in order to promote good will, or had advertised an unlimited satisfaction guarantee inconsistent with such lawsuits."  <u>Id.</u> at 327.  Discovery was allowed to proceed based on this analysis.  In this case, however, the undisputed evidence adduced during discovery revealed  that defendant "was considering the full range of options" to collect the debt, which included forwarding "claims to attorneys for either litigation or demand letters to be sent from the attorney's office in what is known as a 'letter series' (requests for payment letters sent out of the attorney's office)."  <u>Spira</u>, 358 F. Supp. 2d at 160 (citation omitted, internal quotation and parenthesis in original).  <u>See</u> <u>also</u> <u>id.</u> ("Defendant's statement therefore cannot be considered a threat that it did not intend to carry out").

Plaintiff states that "it appears that the Court did not address the plaintiff's argument that it was deceptive for the defendant to threaten 'every available means' and

then state that it was only considering the range of options." (Pl. Mem. at 4). This argument is not supported by the Memorandum and Order. What plaintiff is really challenging is defendant's right to determine how, and by what method, it will attempt to collect the debt which plaintiff does not allege it has ever challenged. According to plaintiff's perverse reasoning, Ashwood should suffer liability under the FDCPA because it was not being aggressive enough, *i.e.*, that it should not have considered options short of litigation. However, as this Court held recently, only a debt collector like Ashwood can determine what methods at its disposal should be utilized, and at what time, to collect unchallenged debts. <u>See</u> <u>Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.</u> 2005 WL 1112188, at *7 (E.D.N.Y. May 10, 2005) (citing <u>Metz v. HCSC Credit and Collections</u>, 1985 WL 3368, at *1 (E.D. Pa. Oct. 29, 1985)). As long as defendant was prepared to utilize all means available to it in attempting to collect the debt, including litigation, which defendant's discovery response made clear, then by implication, it could have considered other, lesser forms of action short of litigation to achieve its aim. In other words, the fact that Ashwood might use litigation to collect the debt, did not bind it to initiate suit as plaintiff appears to argue. Also, that defendant may ultimately choose not to initiate litigation does not render the language in the Follow-up Letter "deceptive," "misleading" or "false."

Plaintiff has failed to offer any valid reason why the subject statement was deceptive, misleading or false. Discovery revealed that Ashwood was considering utilizing a series of actions to collect the debt which plaintiff did not dispute that she owed. Among these options, as discussed above, was the retention of an attorney and instituting litigation, and thus "every means available" was perfectly apt. The Court's

statement in <u>Sluys</u> is peculiarly apposite here: "Debt collection, like law enforcement, must be both fair and effective in order to be either.  Permitting debtors to avoid payment of legitimate debts passes the cost of their delinquency on to creditors and others with whom the creditors do business.  It would be counterproductive to penalize a debt collector for suggesting that steps which legally could be taken might in fact be taken."  831 F. Supp. at 326.

Plaintiff further argues that "[i]t appears that the Court has relied solely on the fact that the defendant had not made up its mind whether to commence suit or not ... Under that reasoning, no plaintiff could prove his case because the defendant could always need more time to decide."  (Pl. Mem. at 4).  Plaintiff misapprehends the Court's reasoning.  The Court granted defendant's cross-motion for summary judgment because it came forward with sworn testimony that it may use all available options, including litigation, to collect the debt.  The fact that all options may not actually be used by the debt collector does not render the "threat" deceptive misleading or false.  Contrary to plaintiff's argument, she could prove her case under the FDCPA where, for example, discovery reveals that the debt collector "does not make the decision whether to initiate legal proceedings in matters involving" the creditor, and the debt collector's client had not authorized it to proceed with litigation when the collection letter was sent to the debtor.  <u>See</u> <u>Bentley v. Great Lakes Collection Bureau</u>, 6 F.3d 60, 62 (2d Cir. 1993) (grant of summary judgment to debt collector reversed in FDCPA case where collection letter falsely stated that creditor had given agency authority to initiate lawsuit against debtor).

Plaintiff further argues that [i]f the creditor never had filed suit for a small debt

in the past, and does not have a policy of filing suit for smaller debts, and if the defendant has not filed suit on behalf of the [creditor] for smaller debts, then plaintiff will have ruled out the possibility of a lawsuit." (Pl. Mem. at 4). This statement, however, even if true, fails to acknowledge that the debt collector may have decided in this particular case to, for example, change its practice of not instituting lawsuits to collect debts under a certain amount for very valid reasons, including to set a precedent that it will file suit against debtors even where the debts are of an amount less than, for example, thirty dollars.

Finally, the Court is compelled to comment on this type of hypertechnical basis for suit under the FDCPA which should not be encouraged. The legislative history of the FDCPA reveals that the legislation was enacted against the "widespread and serious national problem" of "debt collection abuse by third party collectors." 1977 U.S.C.C.A.N. 1695, 1696, S. Rep. 95-382. Collection abuse was justifiably recognized as taking "many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." Id. Federal legislation in this area was deemed necessary "because State officials [we]re unable to act against unscrupulous debt collectors who harass consumers from another State." Id. at 1697. Consistent with this background, the FDCPA "expressly prohibits a host of harassing, deceptive, and unfair debt collection practices. These include: threats of violence; obscene language; the publishing of 'sham lists'; harassing or anonymous telephone calls; impersonating a government official or

attorney; misrepresenting the consumer's legal rights; simulating court process; obtaining information under false pretenses; collecting more than is legally owing; and misusing postdated checks." Id. at 1698.

Plaintiff's allegations in this case bear no remote connection to the abuse which the FDCPA sought to prevent. Ashwood is not alleged to have engaged in any of the activities discussed above, including threatening violence against Spira, utilizing obscene language or harassing or anonymous telephone calls, impersonating a government official or attorney, seeking to collect more than was legally owing, or collecting information under false pretenses. Rather, defendant was simply attempting to collect a debt which plaintiff has never challenged by sending her collection letters, one of which contained the validation notice required under the FDCPA. And, at least one of the bases for plaintiff's suit is that the debt collector had not made up its mind to initiate a lawsuit against her, and that this "indecision" was materially misleading, deceptive and false. However, plaintiff does not (presumably because she cannot) allege that the collection letters sent by defendant deceived her, caused her uncertainty, or otherwise misled her about the debt which she is alleged to owe and has never challenged. Plaintiff's suit, therefore, does nothing to protect a consumer against an overreaching creditor and burdens the federal court unnecessarily.

## CONCLUSION

Plaintiff identified no new issues, nor points of law, not previously raised in her original opposition to defendant's cross-motion for summary judgment. Her situation simply does not rise to the level of "extraordinary circumstances" contemplated by Rule 60(b)(6). Because plaintiff has failed to meet the standards set forth in Fed. R. Civ. P.

60(b)(6), she is not entitled to relief from the Court's memorandum and order

dismissing plaintiff's claims under the Fair Debt Collection Practices Act.  Accordingly,

plaintiff's motion for reconsideration is denied.


SO ORDERED.

Dated:      May 24, 2005
            Brooklyn, New York


_____/s/_____
I. Leo Glasser
United States District Judge

Copies of the foregoing were sent on this day to:

Adam J. Fishbein
735 Central Avenue
Woodmere, New York 11598
Attorneys for Plaintiff

David J. Gold
David J. Gold, P.C.
116 John Street, Suite 3110
New York, New York 10038-3411
Attorneys for Defendant